# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA

ANTHONY B. ARTHUR,

    Plaintiff,

v.

JEFFERSON CAPITAL SYSTEMS, LLC,

    Defendant.

Civil Action No.: _____

**COMPLAINT**
**JURY TRIAL DEMANDED**

For this Complaint, the Plaintiff, ANTHONY B. ARTHUR, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and North Carolina Fair Debt Collection Practices Act, by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Anthony B. Arthur ("Plaintiff"), is an adult individual residing in Raleigh, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Jefferson Capital Systems, LLC is a foreign Limited Liability Corporation with an address of 16 McLeland Road, St. Cloud, MN 56303 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation to an Original Creditor (the "Debt"), possibly to Chase Bank USA (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased by, or assigned or transferred to, Defendant for collection, or Defendant was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Jefferson Capital Services, LLC Engages in Harassment and Abusive Tactics

10. Within the last year, the Defendant contacted the Plaintiff in an attempt to collect the Debt.

11. On or about February 3, 2014, Plaintiff received a letter from Allen Law Firm, which represented that the firm had been retained to collect a debt for Defendant. See Exhibit A, attached.

12. Plaintiff did not recognize the purported debt, and disputed the debt in writing, addressed to the Allen Law Firm as shown on the letterhead stationary. See Exhibit B, attached.

13. To date, Plaintiff has received no validation of the purported debt.

14. Plaintiff has not been provided with any indication of why Jefferson Capital is collecting this alleged debt, the original creditor, nor information about the account number, how the balance was calculated, or the date of last activity on the account.

15. Upon information and belief, this account may have been one previously held by Chase Bank USA, and for which the date of last activity was in 2008, which is far more than the applicable statute of limitations of three (3) years from the date of the January 24, 2014 letter.

16. Upon information and belief, Jefferson Capital Service, LLC purchased this debt from the original creditor, or from the successor in interest to the original creditor.

17. Plaintiff believes that this was an attempt to elicit payment in order to re-start the statute of limitations for this debt.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

22. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendant failed to send the Plaintiff a validation notice stating the amount of the Debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

25. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. Gen. Stat. § 58-70, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Plaintiff is a "person" as the term is defined by N.C. Gen. Stat. § 58-70-6(4).

29. The Defendant is a "collection agency" as the term is defined by N.C. Gen. Stat. § 58-70-15, and is duly licensed to collect debt in the state of North Carolina pursuant to N.C. Gen. Stat. § 58-70-1.

30. The Defendant threatened to take any action not in fact taken in the usual course of business, in violation of N.C. Gen. Stat. § 58-70-95(7).

31. The Defendant threatened to take any action not permitted by law, in violation of N.C. Gen. Stat. § 58-70-95(8).

32. The Defendant falsely represented the character, extent, or amount of the Debt or its status in any legal proceeding in violation of N.C. Gen. Stat. § 58-70-110(4)

4

33. The Defendant falsely represented the creditor's rights or intentions, in violation of N.C. Gen. Stat. § 58-70-110(4).

34. The Defendant brought suit or initiated an arbitration proceeding against the Plaintiff or otherwise attempted to collect the debt when the Defendant knew, or reasonably should have known, that such collection was barred by the applicable statute of limitations, in violation of N.C. Gen. Stat. § 58-70-115(4).

35. The Defendant brought suit or initiated an arbitration proceeding against the Plaintiff, or otherwise attempted to collect the Debt without valid documentation that the debt buyer was the owner of the specific debt instrument or account at issue and reasonable verification of the amount of the Debt allegedly owed by the Plaintiff, in violation of N.C. Gen. Stat. § 58-70-115(5).

## COUNT III

## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen. Stat. § 75-1.1, et seq.

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen. Stat. § 75-1.1.

38. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen. Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

5

# COUNT IV

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Statutory damages of $4,000.00 for each violation pursuant to N.C. Gen. Stat. § 58-70-130(b).

5. Attorney's fees pursuant to N.C.G.S. § 75-16.1;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 19, 2014.

        Respectfully submitted,

        By: _/s/ Ruth M. Allen_____

        Ruth M. Allen, Esq.
        Bar Number: 34739
        7413 Six Forks Road, Suite 326
        Raleigh NC 27615
        Email: ruthallenlaw@yahoo.com
        Telephone: 919.481.4141
        Facsimile: 866.321.9449
        Attorney for Plaintiff

# EXHIBIT A

# ALLEN LAW FIRM
*Attorneys at Law*

William J. Allen  
Admitted in NC and CT

Krista A. Stallard  
Admitted in NC

January 24, 2014

Anthony B. Arthur  
11519 Autumn Oaks Lane  
Raleigh NC 27614-0000

RE: Debt to Jefferson Capital Systems Chase Bank Usa  
BALANCE DUE: $20511.36  
File No.: 30252.001

Dear Mr. Arthur:

This office has been retained to collect the above claim. This letter is an attempt to collect a debt and any information obtained will be used for this purpose.

The purpose of this letter is to advise you that we will recommend that our client file suit against you if payment on this account is not received within the next 30 days. Be advised that should our client file suit, every legal step necessary will be exercised in order to collect this debt, including execution by the sheriff should Judgment be rendered.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

To avoid ongoing collection efforts and the possibility of civil litigation, please forward your certified check made payable to William J. Allen, P.A.

Sincerely,

*[signature]*

William J. Allen  
Attorney at Law

WJA/SKB

# EXHIBIT B

3-3-14
File: 30252.001

Anthony B Arthur
11519 Autumn Oaks ln
Raleigh, NC 27614

Mr William J Allen,

I am contesting the validity of this claim.   Please furnish me in writing any documentation that illustrates the origin of this debt.

Regards,

Anthony B Arthur